193 So. 872

**ROGERS v. STATE.**

**8 Div. 995.**

Supreme Court of Alabama.

Oct. 19, 1939.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

F. E. Throckmorton, of Tuscumbia, opposed.

**PER CURIAM.**

The application for rehearing was stricken by the Court of Appeals upon the theory, as we understand it, no brief had been filed by the State on original submission of the cause, and, ordinarily under Supreme Court Rules 38 and 44, as here interpreted (Birmingham Gas Co. v. Sanders, 230 Ala. 649, 162 So. 532; Richardson v. State, 215 Ala. 581, 112 So. 193), the ruling, under these circumstances, would not be here reviewed. But the view we here entertain renders that rule inapplicable to the result reached. This for the reason that the companion case of Wiley Bailey v. State, Ala.Sup., 193 So. 873,[1] was due to be considered, and was so considered on application for rehearing and overruled. The Bailey case involved the identical question presented in this case, and the Court of Appeals in the Bailey case adopted the opinion rendered in the Rogers case.

It is clear enough the Court of Appeals would not have so ruled in this case with our opinion in the Bailey case before it. We think the opinion in the Bailey case should control the ruling here.

The proper order, under these circumstances, is for this Court to vacate the order of reversal and discharge entered by the Court of Appeals, and remand the cause to that court where it may be free to act as we have indicated in the Bailey case. William Jameson & Co. v. Morgenthau, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189; Patterson v. State, 294 U.S. 600, 55 S.Ct. 575, 79 L.Ed. 1082.

The judgment of the Court of Appeals is accordingly vacated, and the cause remanded to that court for further proceedings therein.

Writ awarded.

Judgment vacated and cause remanded.

2

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur.

