21 So.2d 622

### WILKERSON v. STATE.
#### 3 Div. 431.

Supreme Court of Alabama.

April 5, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the petition.

R. L. Farnell, of Montgomery, opposed.

GARDNER, Chief Justice.

The Court of Appeals sustained appellant's motion to strike the State's application for rehearing upon the ground of a noncompliance with Supreme Court Rule 38, Code 1940, Tit. 7 Appendix. This rule was held as applicable to criminal as well as civil cases in Caraway v. State, 207 Ala. 588, 93 So. 548. And whether or not this rule should be enforced in any particular case was held by this Court in Hall v. State, 222 Ala. 26, 130 So. 533, to be a matter addressed to the irrevisable discretion of the Court of Appeals. That discretion was here exercised against the State and the application stricken.

Coming to a consideration of the application for review of the opinion of the Court of Appeals, and speaking to a like situation as here presented, this Court in Birmingham Gas Co. v. Sanders, 230 Ala. 649, 162 So. 532, very pertinently observed that the writ was due to be denied for the reason that in fact there was no application for rehearing decided adversely to the petitioner by the Court of Appeals as required as a condition precedent to the application for certiorari to this Court under Supreme Court Rule 44. We there observed: "This for the reason that petitioners' application for rehearing in the Court of Appeals was there stricken by said court for a failure to comply with Supreme Court Rule 38. This that court had a right to do, and, having done so, there was no application upon which adverse ruling could be made."

The matter of discretion as to Rule 38 rested with the Court of Appeals. But as the overruling of an application for rehearing by that Court is a condition precedent to a review by this Court under Rule 44, there is here no place for the exercise of discretion so long as this rule remains in force.

The case of Rogers v. State, 239 Ala. 1, 193 So. 872, cited by counsel for the State, is readily distinguishable and in no manner qualifies the holding in Birmingham Gas Co. v. Sanders, supra.

Upon the merits the State places much stress upon the case of Lewis v. State, 51 Ala. 1, and a reading of that authority as applicable to the instant case discloses that a question is here presented worthy of most serious consideration. We have therefore considered it appropriate to point out the reasons why the case is not to be here reviewed upon the merits, and that the denial of the writ is rested solely upon Supreme Court Rule 44, as hereinabove indicated.

Writ denied.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.