105 So.2d 865

Anthony Michael ACCARDO

v.

STATE of Alabama.

7 Div. 414.

Supreme Court of Alabama.

Oct. 16, 1958.

294

Anthony M. Accardo, pro se.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., opposed.

COLEMAN, Justice.

The petitioner, on July 8, 1958, filed in this court certain papers purporting to be a petition for certiorari to review the decision of the Court of Appeals in Accardo v. State, 39 Ala.App. 453, 102 So.2d 913, together with brief in support thereof.

The State has filed a motion to strike the petition for certiorari on the several grounds that: (1) the petition is not on transcript paper, (2) the petition fails to allege that petitioner applied to the Court of Appeals for a rehearing as required by Supreme Court Rule 39, Code 1940, Tit. 7 Appendix (3) the petition was not filed in this court within fifteen days after the

action of the Court of Appeals on application for rehearing in that court, and (4) the petition was not accompanied by "a brief pointing out and arguing the point or decision sought to be revised or corrected." We will consider these grounds in the order stated.

(1) No writing filed in this court by petitioner is on transcript paper. We have repeatedly held that the requirement of Supreme Court Rule 32 is mandatory, and that a petition for certiorari to the Court of Appeals will be stricken if the petition is not on transcript paper. Peterson v. State, 248 Ala. 179, 27 So.2d 30; Allen v. State, 249 Ala. 201, 30 So.2d 483; Anderson v. State, 251 Ala. 32, 36 So.2d 244; Nix v. State, 251 Ala. 1, 36 So.2d 456; Farley v. State, 251 Ala. 391, 37 So.2d 440; Maddox v. City of Birmingham, 255 Ala. 440, 52 So.2d 166; Bray v. State, 257 Ala. 111, 57 So.2d 555; Williams v. State, 258 Ala. 638, 64 So.2d 617; Conley v. State, 265 Ala. 450, 92 So.2d 9; Hochman v. State, 265 Ala. 404, 91 So.2d 502.

(2) The record before us does not disclose that application for rehearing has ever been made to the Court of Appeals in this cause. The overruling of an application for rehearing by that court is a condition precedent to a review by this court under Supreme Court Rule 39 (Old Rule 44). Richardson v. State, 215 Ala. 581, 112 So. 193; Birmingham Gas Co. v. Sanders, 230 Ala. 649, 162 So. 532; Wilkerson v. State, 246 Ala. 542, 21 So.2d 622.

(3) The decision of the Court of Appeals now sought to be reviewed was entered May 20, 1958. Irrespective of the fact that this decision was not a ruling on application for rehearing, the petition for certiorari comes too late. Supreme Court Rule 39 requires that application for certiorari to review a decision of the Court of Appeals "must be filed with the clerk of this court within fifteen days after the action of said court of appeals upon the

said application for rehearing." The petition before us was filed forty-nine days after the decision of the Court of Appeals which petitioner seeks now to have reviewed. Our decisions are clear to the effect that a petition for certiorari to the Court of Appeals will be stricken where it is filed more than fifteen days after that court acts on application for rehearing. Bray v. State, 257 Ala. 111, 57 So.2d 555.

(4) Because the first three grounds of the motion to strike are well taken, we forego extended discussion of the sufficiency of petitioner's brief which falls short of meeting the requirements of Rules 9 and 39 with regard to pointing out the point or decision sought to be revised, statement of propositions of law with supporting authorities, and adequate argument with respect to the errors insisted upon.

Under the cases cited above, the petition for certiorari must be stricken.

Petition for writ of certiorari stricken.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.