STATE EX REL. FREDENBERG, Petitioner, v. BYRNE, District Attorney of Dane County, Respondent.

SAME, Petitioner, v. BENNETT, District Attorney of Columbia County, Respondent.

*September 3—September 20, 1963.*

For the petitioner the cause was argued by *Donald S. Eisenberg* of Madison.

For the respondents there was a brief by *William D. Byrne,* district attorney of Dane county, *Curtis M. Kirkhuff,* assistant district attorney of Dane county, and *David H. Bennett,* district attorney of Columbia county, and oral argument by *William A. Platz,* assistant attorney general.

HALLOWS, J. The issue is whether the refusal of the state of Wisconsin to take such action as is available to it to obtain the return of the petitioner from the federal correctional institution in Minnesota upon his request for the purpose of trial on the charges pending in Wisconsin violates any rights he may have to a speedy trial under the Sixth amendment to the United States constitution or sec. 7, art. I of the Wisconsin constitution and any rights to due process under the Fourteenth amendment of the United States constitution and sec. 8, art. I of the Wisconsin constitution.

The respondents argue the provisions of the federal and state constitutions respecting a right to a speedy trial are not applicable, the petitioner's motion is insufficient on its

face to raise a *prima facie* case of a violation of the petitioner's rights to due process of law, and in any event the petitioner has waived his constitutional rights.

The right to a speedy trial is of ancient origin preceding the constitutions. Its historical antecedents may be traced to the Magna Charta and the English Habeas Corpus Act of 1679 (31 Car. II, ch. 2).[1] The ancient practice of gaol delivery whereby the jails were cleared of all offenders twice a year may be some indication of the historical meaning of a speedy trial, but it is to be noted that at common law the right to a speedy trial was restricted to a defendant who at the time was actually confined waiting trial of the offense for which he sought a speedy trial. 5 Wharton, Anderson, Criminal Law and Procedure, p. 4, sec. 913. The right now extends to one out on bail and neither the federal constitution nor the state constitution refers to imprisonment.[2] Admittedly the petitioner is not in prison awaiting trial of the charges in Columbia and Dane counties. These counties by their detainers are waiting for the petitioner. The question is how long can they wait when he demands a speedy trial? It is true the Sixth amendment to the federal constitution is inapplicable to the facts before us as that amendment as such applies to criminal prosecutions in the federal courts. See *Betts v. Brady* (1942), 316 U. S. 455, 62 Sup. Ct. 1252, 86 L. Ed. 1595, which was recently overruled in *Gideon v. Wainwright* (1963), 372 U. S. 335, 83 Sup. Ct. 792,

---

[1] Magna Charta, ch. 40; 3 Blackstone's Commentaries, ch. 8, p. 136. See *People v. Den Uyl* (1948), 320 Mich. 477, 31 N. W. (2d) 699, 703.

[2] The Sixth amendment to the United States constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . ."

Sec. 7, art. I of the Wisconsin constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right . . . in prosecutions by indictment, or information, to a speedy public trial . . ."

9 L. Ed. (2d) 799, which held in state prosecutions for crimes an indigent accused was entitled to counsel under the Fourteenth amendment.

The respondents argue the right to a speedy trial under the state constitution is restricted to criminal prosecutions which have been commenced by an indictment or an information and no indictment or information has been filed against the petitioner. Complaints, however, have been filed in both Columbia and Dane counties and warrants for the arrest have been issued and filed. The filing of the information is within the control of the district attorney. The constitution does not require the information to be filed but refers to prosecutions by information. Forgery is a crime prosecuted by means of an information. Under the Sixth amendment to the federal constitution a split of authority exists as to when the right to a speedy trial arises. The Ninth circuit in *Iva Ikuko Toguri D'Aquino v. United States* (1951), 192 Fed. (2d) 338, held the right arises with the filing of the complaint, while the Fifth circuit in *Harlow v. United States* (1962), 301 Fed. (2d) 361, holds the right commences when the indictment is returned or when the information is filed. We are inclined to construe our constitution to mean the right to a speedy trial arises with the initial step of the criminal prosecution, *i.e.,* the complaint and warrant. For the purpose of a speedy trial, the complaint, which is "a written statement of the essential facts constituting the offense charged . . ." sec. 954.02 (1), Stats., commences a criminal prosecution and the warrant of arrest is based upon it. They are the prerequisites for the filing of an information and the necessary basis for the detainers filed at Sandstone.

It is true Wisconsin has no right to require the limited release of the petitioner from the federal institution so he may be tried in Wisconsin and then returned. Whether the petitioner may be brought here is a matter of comity between Wisconsin and the federal government, particularly with the

United States Department of Justice, Bureau of Prisons. See *Hayward v. Looney* (10th Cir. 1957), 246 Fed. (2d) 56; *Ponzi v. Fessenden* (1922), 258 U. S. 254, 42 Sup. Ct. 309, 66 L. Ed. 607; and Anno. 118 A. L. R. 1037. That department did grant conditional custody of the petitioner for the purpose of trying him in Shawano county and this court will not assume it is impossible for the district attorneys of Columbia and Dane counties to follow the same procedure to bring the petitioner back for trial of the charges pending in their counties.

The rationale of the early cases holding a federal prisoner not brought to a speedy trial in the state court could not be heard to complain was based on the reasoning the state as a matter of right could not insist the prisoner be returned and the delay was the prisoner's own fault for having committed the crime for which he was imprisoned.[3] However, the more-recent decisions both in state and federal courts reason that once a state commences a criminal prosecution it has a duty to follow through and complete it, and the fact the defendant is incarcerated in a federal prison is not necessarily sufficient justification to make the delay reasonable.[4] We adopt the reasoning in *People v. Bryarly* (1961), 23 Ill. (2d) 313, 319, 178 N. E. (2d) 326, to wit:

"The constitutional guaranty of a speedy trial contemplates that the means that are available to meet its require-

[3] *In re Schechtel* (1938), 103 Colo. 77, 82 Pac. (2d) 762, 118 A. L. R. 1032; *Application of Melton* (Okla. Crim. Rep. 1959), 342 Pac. (2d) 571; *State v. Larkin* (1959), 256 Minn. 314, 98 N. W. (2d) 70; *McCary v. Kansas* (10th Cir. 1960), 281 Fed. (2d) 185; and *Stevenson v. United States* (D. C. Cir. 1960), 278 Fed. (2d) 278.

[4] See *People v. Piscitello* (1960), 7 N. Y. (2d) 387, 165 N. E. (2d) 849; *Rost v. Municipal Court* (1960), 7 Cal. Rptr. 869; *Pellegrini v. Wolfe* (Ark. 1955), 283 S. W. (2d) 162; *People v. Brandfon* (N. Y. City Ct. Spec. Sess. 1956), 157 N. Y. Supp. (2d) 864; and *Taylor v. United States* (D. C. Cir. 1956), 238 Fed. (2d) 259.

ments shall be utilized. Under the circumstances of this case we think that the burden of taking the steps necessary to bring about a prompt trial rested upon the People."

Assuming petitioner is not entitled to a speedy trial under sec. 7, art. I of the Wisconsin constitution, it is our opinion his rights under the due-process clause of the Fourteenth amendment of the United States constitution have been violated. The recent case of *Gideon v. Wainwright, supra,* makes it clear the guaranties at least as involving the right to counsel under the Sixth amendment are part of the due process under the Fourteenth amendment applicable to the states. Prior to this decision several courts intimated the right to a speedy trial under the Sixth amendment was embraced within the due-process clause of the Fourteenth amendment and thus was applicable to state prosecutions. *In re Sawyer's Petition* (7th Cir. 1956), 229 Fed. (2d) 805; *Hastings v. McLeod* (10th Cir. 1958), 261 Fed. (2d) 627; *United States v. Lane* (D. C. Ind. 1961), 193 Fed. Supp. 395; *United States v. Maroney* (D. C. Pa. 1961), 194 Fed. Supp. 154. We find no reason why the Fourteenth amendment requiring a state to furnish counsel for an indigent does not also demand a speedy trial.

Respondents argue the petitioner has shown no *prima facie* case of violation of his rights to due process. We do not agree. The criminal prosecutions have been pending against the petitioner almost two years. No specific harm need be alleged by the petitioner. Although the imprisonment of the petitioner at Sandstone is his own fault, that in itself does not excuse the state's long delay in bringing him to trial in the absence of a showing that the state was unable to obtain his return for trial. Moreover, the effect of a detainer warrant at Sandstone prison may in some cases result in a loss of privileges such as assignments outside the prison walls or may necessitate "cell housing" or possible transfer to a penitentiary. Detainers do not bar the petitioner from

receiving the statutory good time which may be credited to him or from earning extra good time but the information pertaining to detainer warrants is considered by the United States Board of Parole although it does not necessarily prevent a man from being granted "Parole to Detainer." [5] Failure to give a prisoner a speedy trial has been held to violate due process where the existence of a charge or detainer has adverse effects upon the prisoner. *United States v. Maroney, supra.* The Wisconsin legislature has recognized the potential injustices resulting from the practice of filing detainers by enacting sec. 955.22, Stats. (Prompt Disposition of Intrastate Detainers Act, ch. 109, Laws of 1961). This section applying only to intrastate detainers requires, with some exceptions, the trial within one hundred and eighty days of the request by the prisoner or the dismissal of detainer filed against him. This act is not limited to cases where an indictment has been returned or an information filed and refers to an untried criminal case. The Uniform Mandatory Disposition of Detainer Act provides a pending indictment or information or complaint must be tried within ninety days after request or be dismissed. 9B U. L. A. (1962 Supp.) pp. 58, 60, sec. 3. Work on an interstate compact to authorize the mandatory disposition of detainers is also being done. The modern concept of a speedy trial has taken on new meaning with the establishment of the practice of filing detainers. Not to be overlooked is that the delay in a trial may affect the fairness of the trial when it is ultimately held. Witness and exhibits may not be available and memories become dim with the passing of time. The psychological effect of delay on the prisoner must also be considered in determining in any case whether the delay is a denial of "fundamental fairness" and "shocking to the universal sense of justice." See Walther, Detainer Warrants and The

---

[5] Letter of Warden Meier, April 11, 1963, of the Federal Correctional Institution, Sandstone, Minnesota, in file.

Speedy Trial Provision, 46 Marquette Law Review (1963), 423.

The respondents argue the defendant has waived the right to a speedy trial by not demanding that he be brought to Dane and Columbia counties at the time he was brought to Shawano for trial. Prior to being brought to Shawano he was advised he could not be brought to Dane county. At the Shawano trial, the petitioner was without counsel and we do not find in the record the petitioner knowingly waived any right to be tried in Dane and Columbia counties by failing to request at that time a trial in those counties or a consolidation of the three cases on plea of guilty. The record does not show the petitioner was informed of this right. However, the record before us is clear the district attorney of Dane county knew the petitioner requested to be returned for trial in Dane county and refused that request. Both Dane and Columbia counties knew the defendant was imprisoned in Sandstone and they could have initiated proceedings to return him for trial. Under the facts we find no waiver of the right to a speedy trial.

The respondents argue the cost of bringing the petitioner back to Wisconsin should be given consideration. The Shawano trip cost $225.94 but, of course, this would be considerable more in cases where an accused is a greater distance from Wisconsin. If an accused, who has a detainer filed against him, is ultimately to be tried (it is estimated 50 percent are not, see 9B U. L. A., Supp. 1962, p. 59), the only extra cost to try him speedily is the cost of his return trip to the prison. We will not put a price tag upon constitutional rights. The arguments, that the petitioner once he starts serving his sentence on his conviction in the Shawano county court after his release from Sandstone, the respondents can avail themselves of sec. 292.45 (2), Stats., for a writ of *habeas corpus ad prosequendum,* and that the petitioner might then avail himself of sec. 955.22 for the disposition of intrastate detainers, are without merit. We

are not concerned with the eventual trial of the petitioner in the future but a speedy trial under the conditions now existing.

*By the Court.*—The petitioner is entitled to a peremptory writ of mandamus requiring the respondents to use such means as are available to return him promptly to their respective counties for trial or to apply to the proper court to dismiss the complaints and warrants against him.