COMMONWEALTH vs. RAYMOND McGRATH.

Suffolk.   February 1, 1965. — April 5, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Constitutional Law,* Speedy trial.  *Practice, Criminal,* Speedy trial, Defendant in custody of another jurisdiction.  *Comity.*

Where a criminal proceeding was commenced in a Massachusetts court against a prisoner in a Federal penal institution and the Federal authorities consented to sending him here for trial provided the United States was reimbursed for the expense involved, the guaranty of a speedy trial in art. 11 of the Declaration of Rights of the Massachusetts Constitution required the Commonwealth, at the instance of the defendant, to take within a reasonable time the necessary steps to secure his presence here for trial, including paying the expense involved, and if the Commonwealth should fail to do so, he would become entitled to dismissal of the Massachusetts proceeding.  CUTTER, J., concurring in the result.

INDICTMENTS found and returned on May 10, 1963.

Questions of law were reported by *Smith, J.*

*Daniel F. Featherston, Jr.,* for the defendant.

*Joseph R. Nolan,* Assistant District Attorney, for the Commonwealth.

SPALDING, J.   On May 10, 1963, the grand jury for Suffolk County returned three indictments charging the defendant with assault by means of a dangerous weapon, assault with intent to murder, and carrying a firearm without a license.   Four months before the return of these indictments the defendant was convicted of "kidnapping and Dyer Act charges" in the United States District Court for the District of Connecticut, and a prison sentence of twenty-two years was imposed.   The defendant now is, and has been since his conviction, serving this sentence in the United States penitentiary in Atlanta, Georgia.   The Commonwealth "has placed detainer warrants" against the defendant on the three above mentioned indictments, but has taken no other steps to bring him to trial.

On September 17, 1963, acting pro se, the defendant filed in the Superior Court a petition for a writ of habeas corpus. Orders of notice were served on the district attorney of Suffolk County, the United States, and the warden of the Atlanta penitentiary, "to show cause why the defendant should not be transported to Boston for trial" on the three Suffolk County indictments. A hearing on the petition was held on October 28, 1963, at which all the parties (including the defendant who was represented by court appointed counsel) agreed that a writ of habeas corpus could not issue as a matter of right since the defendant was in Federal custody, but that the United States could waive its right to exclusive custody. The United States represented to the court that under the applicable regulations it was willing to deliver the defendant into the custody of the Commonwealth for trial on the three indictments, but only if it was "reimbursed for the associated costs." Upon being informed that the district attorney of Suffolk County would not authorize the payment of these costs, the judge dismissed the petition for habeas corpus.

Thereafter, upon the defendant's urging, the judge directed the assistant attorney general representing the Commonwealth to inquire of the district attorney whether, if he would not authorize the payment of the costs involved, he would dismiss the indictments. The defendant was notified that the district attorney stood by his decision concerning the payment of costs and intended to take no action, whether by way of dismissal or otherwise, with respect to the pending indictments.

On February 4, 1964, the defendant filed a motion to dismiss the indictments because of the alleged denial of his constitutional right to a speedy trial. The motion, in the alternative, requested an order in the nature of a writ of mandamus requiring the district attorney to authorize and pay the sums necessary to secure the presence of the defendant within the jurisdiction, and to take all other action necessary to secure the speedy trial of the defendant. The judge, after hearing, denied the motion. Being of the opin-

ion, however, that the motion raised doubtful and important questions of law, he reported the case in accordance with G. L. c. 278, § 30A, inserted by St. 1954, c. 528. In his report the judge stated that, without intending to limit the inquiry, the following questions "would seem to require decision." "1. Under the somewhat special circumstances here obtaining, has the defendant been wrongfully denied a right to a speedy trial by the Court's denial of . . . [his] Motion To Dismiss Indictment? 2. If there has been a wrongful denial of the defendant's right to a speedy trial, must the indictments be dismissed, or should an order issue that the defendant forthwith be brought to trial or should some other appropriate disposition be made?"

Article 11 of the Declaration of Rights guarantees to a defendant in a criminal case a right to a speedy trial. *Commonwealth* v. *Hanley*, 337 Mass. 384, 387. Were the defendant serving a sentence in a correctional institution in this Commonwealth he would, both under art. 11 and by statute (see G. L. c. 277, § 72A, inserted by St. 1963, c. 486[1]), have the right, if he requested it, to a prompt trial on the pending indictments. But a different problem is presented where, as here, the defendant is serving a sentence in a Federal prison. In such a situation the Commonwealth has no right to secure the presence of the defendant before our courts. On principles of comity, however, the Federal government may waive its right to exclusive jurisdiction (as it did in the case at bar), and consent to a trial of the defendant in our courts.[2] *Ponzi* v. *Fessenden*, 258 U. S.

---

[1] This statute requires the Commissioner of Correction, upon learning of the pendency of an untried indictment against any prisoner, to notify him of it and of his right to apply to the appropriate court for a prompt trial or other disposition. "Any such prisoner shall, within six months after such application is received by the court, be brought into court for trial or other disposition . . . unless the court shall otherwise order."

[2] This authority to waive is given by 18 U. S. C. § 4085 (1958) which reads in relevant part, "Whenever any federal prisoner has been indicted . . . in a court of record of any State . . . the Attorney General shall, if he finds it in the public interest to do so, upon the request of the Governor or the executive authority thereof, and upon the presentation of a certified copy of such indictment . . . cause such person, prior to his release, to be transferred to a penal or correctional institution within such State . . . ."

254, 265–266. *Commonwealth* v. *Domanski,* 332 Mass. 66, 73. Thus, by reason of the consent given by the United States, the Commonwealth, subject to the payment of the necessary costs, is now in a position to bring the defendant to trial.

The question for decision is whether the refusal of the Commonwealth to take the necessary steps (including the payment of appropriate costs) to acquire jurisdiction over the defendant has deprived him of his right to the speedy trial guaranteed by our Constitution. While this question has been discussed by other courts, it is one of first impression here.

In jurisdictions where the question has been considered the holdings are not uniform. Some courts have held, in effect, that once a State commences a criminal prosecution, it has the duty by appropriate action to prevent undue delay in bringing the accused to trial. *People* v. *Piscitello,* 7 N. Y. 2d 387, 389. *State* v. *Patton,* 76 N. J. Super. 353, affd. 42 N. J. 323. *State ex rel. Fredenberg* v. *Byrne,* 20 Wis. 2d 504.[1] But other courts have held the contrary. *McCary* v. *Kansas,* 281 F. 2d 185 (10th Cir.), cert. den. 364 U. S. 850. *Accardo* v. *State,* 39 Ala. App. 453, cert. stricken 268 Ala. 293. *In re Douglas,* 54 Ariz. 332. *Application of Schechtel,* 103 Colo. 77, 85. *State* v. *Larkin,* 256 Minn. 314. *Application of Melton,* 342 P. 2d 571 (Okla. Crim.). *Raine* v. *State,* 143 Tenn. 168.

In the Federal courts, the converse situation has arisen,

---

[1] The court in the *Byrne* case assumed that the speedy trial guaranty of the Sixth Amendment to the Constitution of the United States was embraced within the due process clause of the Fourteenth Amendment, and thus was applicable to State prosecutions. Although the Supreme Court of the United States in *Gideon* v. *Wainwright,* 372 U. S. 335, held that the right to counsel provision of the Sixth Amendment was a right protected from State invasion by the due process clause of the Fourteenth Amendment, that court has never decided that the right to a speedy trial was likewise so protected. Indeed the court expressly left this question open in *Hoag* v. *New Jersey,* 356 U. S. 464, 472. See, however, *Odell* v. *Burke,* 281 F. 2d 782 (7th Cir.); *United States* v. *Fay,* 313 F. 2d 620, 623 (2d Cir.), and cases cited. We need not decide whether the speedy trial provision of the Sixth Amendment has been absorbed in the Fourteenth Amendment, for the eleventh article of our Declaration of Rights contains a guaranty, " 'at least as strong as . . . [that] of the Fourteenth Amendment . . . .' " *Pugliese* v. *Commonwealth,* 335 Mass. 471, 475.

namely, a delay in trial due to imprisonment in State institutions. One court has held that the defendant's incarceration did not "excuse the Government's long delay in bringing him to trial here, in the absence of a showing that the Government, at a reasonably early date, sought and was unable to obtain his return for trial." *Taylor* v. *United States,* 238 F. 2d 259, 261 (Ct. App. D. C.). *Contra, Nolan* v. *United States,* 163 F. 2d 768 (8th Cir.), cert. den. 333 U. S. 846; see *Bistram* v. *People,* 330 F. 2d 450, 452.

The same problem is presented when the accused is imprisoned in another State. There are decisions which hold that a State has a duty of taking the steps necessary to secure a prompt trial. *Pellegrini* v. *Wolfe,* 225 Ark. 459, 463. *People* v. *Bryarly,* 23 Ill. 2d 313, 319. Other State courts have reached the opposite conclusion. *Cunningham* v. *State,* 5 Storey [Del.] .[1] *Traxler* v. *State,* 96 Okla. Crim. 231.

We agree with the view taken by the Court of Appeals in *People* v. *Piscitello,* 7 N. Y. 2d 387, 389. There it was held that since the defendant could have been produced in a State Court upon request, his Federal detention "affords neither explanation nor excuse" for undue delay in bringing him to trial. It is true that the duty imposed upon the Commonwealth may, as here, entail expense but this in itself should not be sufficient to deprive the defendant of a speedy trial. *State* v. *Patton,* 76 N. J. Super. 353, affd. 42 N. J. 323, and *State ex rel. Fredenberg* v. *Byrne,* 20 Wis. 2d 504, 512, are to the same effect. We hold that the right to a speedy trial contemplates that the Commonwealth will take reasonable action to prevent undue delay in bringing a defendant to trial, even though some expense may be involved in bringing him into the Commonwealth and returning him to Federal custody. The Commonwealth must, within a reasonable time, either secure the defendant's presence for trial or dismiss the indictments.

The decisions which have adopted a contrary position are unconvincing. Some of them reason that a State need not request the delivery of a person incarcerated elsewhere be-

[1] 188 Atl. 2d 359.

cause it cannot demand his custody as a matter of unquali-
fied right. But we fail to see why the lack of an absolute
right excuses the exercise of due diligence. Other deci-
sions are based on the notion that the defendant's absence
from the jurisdiction is the result of his own wrongdoing.
This, however, is not a situation where the accused is vol-
untarily remaining without the Commonwealth. Nor is it
a case where the Federal authorities have refused to re-
lease him. See *People* v. *South,* 122 Cal. App. 505. Here,
the delay in the trial of the defendant for a crime of which
he is presumed innocent can be prevented. And we see no
good reason why the cloud of "anxiety and public suspicion
attendant upon an untried accusation" must continue to
exist for an extended period of time, or why his defence
should be jeopardized by bringing him to trial at a time
when "witnesses . . . [may be] unavailable and their mem-
ories dulled."[1] *Commonwealth* v. *Hanley,* 337 Mass. 384,
387.

It follows that the Commonwealth within a reasonable
time must take the necessary steps to bring the defendant
into this Commonwealth for trial on the three Suffolk
County indictments and if it fails to take such steps the de-
fendant is entitled, upon appropriate motion, to have the
indictments dismissed.

*So ordered.*

CUTTER, J. (concurring) I concur in the result because
(1) delaying action upon these indictments seems likely to
be prejudicial to the defendant, and (2) no unreasonable
burden will be imposed upon the Commonwealth by requir-
ing the district attorney promptly either to try or to dis-
miss the indictments. I assume it to be implicit in the de-

---

[1] There is also evidence that the existence of a detainer may affect the
prisoner's incarceration. The problem was recognized by the Council of State
Governments which proposed an "Agreement on Detainers." The agreement
is designed to facilitate the clearing of detainers filed by sister States. It
enables a prisoner to compel officials to bring him to trial within a certain
period of time. The council had found "that charges outstanding against a
prisoner, detainers based on untried indictments, informations or complaints,
and difficulties in securing speedy trial of persons already incarcerated in
other jurisdictions, produce uncertainties which obstruct programs of prisoner
treatment and rehabilitation." Council of State Governments, Agreement on
Detainers, Art. I. The agreement has been adopted by a number of States.

cision that circumstances might exist in which it would be proper to allow the Commonwealth to delay trial until a Federal prisoner's release. By such delay the Commonwealth, of course, would run the risk that the indictments would be dismissed then because of failure to afford a speedy trial.