Original,
No. 5406.

RAYMOND J. QUINLAN

*v.*

EMILE R. BUSSIERE.

Submitted October 26, 1965.
Decided December 7, 1965.

*Raymond J. Quinlan,* pro se.

*Emile R. Bussiere,* county attorney, pro se, *William Maynard,* Attorney General and *George S. Pappagianis,* Deputy Attorney General for the defendant.

WHEELER, J. Petition for writ of mandamus seeking an order directing the defendant Emile R. Bussiere in his capacity as county attorney for Hillsborough county "to issue an order that the petitioner forthwith be brought to trial or that said three indictments be dismissed."

The plaintiff is presently serving a term of not less than five and one half years or more than eight years in the Massachusetts Correctional Institution at Walpole, Massachusetts having been sentenced on September 23, 1963.

There are pending in Hillsborough county three indictments charging the plaintiff with false pretenses by means of certain checks. Detainer warrants have been filed by the county attorney to hold the plaintiff upon his release in Massachusetts for further prosecution in this state upon these indictments.

On May 4, 1964 the plaintiff filed a motion "for a speedy trial" in the Hillsborough County Superior Court. The motion was granted "upon the defendant making himself available for trial." On May 15, 1964 a petition for a writ of "habeas corpus ad prosequendum" was filed in the same court. This petition was

denied on the ground of "no jurisdiction." On May 22, 1964 a motion was filed in the Superior Court to dismiss the pending charges for want of prosecution, which was denied and the plaintiff excepted. Counsel was appointed to represent the plaintiff, but an offer by this counsel to represent him in Superior Court has received no response from Quinlan.

The petition now before us was filed on August 31, 1965. Plaintiff in his brief contends that the defendant, county attorney " . . . had the duty to have the petitioner brought to the jurisdiction of the Court, or at least respondent had the duty to make an attempt to have petitioner brought to the jurisdiction of the Court."

In support of this contention plaintiff cites *Commonwealth* v. *McGrath*, (Mass.) 205 N. E. 2d 710 (1965). *McGrath* is clearly distinguishable from the facts here. There the defendant was serving time in a federal prison and at a habeas corpus hearing the federal authorities offered to deliver him up if the appropriate costs were paid. Massachusetts refused and the court said that in view of these circumstances the Commonwealth must take the necessary steps to bring him to trial within a reasonable time or dismiss the indictments.

It should be noted that Massachusetts has never adopted an Agreement on Detainers Act as has this jurisdiction. RSA ch. 606-A (supp); *State* v. *Bugely*, 103 N. H. 376. Accordingly in the absence of such a statute in Massachusetts, on the record before us the county attorney has no duty to proceed.

The order therefore is

*Petition dismissed.*

All concurred.