582

UNITED STATES of America,
Plaintiff,

v.

Norman James KOHN, Edward John
Husar, Defendants.

No. 69–CR–55.

United States District Court
E. D. Wisconsin.

Dec. 31, 1969.

Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Hindry, Erickson & Meyer, by Charles F. Brega, Denver, Colo., Myron Mattmiller, Milwaukee, Wis., of counsel, for Norman James Kohn.

No attorney for Husar.

MYRON L. GORDON, District Judge.

DECISION and ORDER

The defendants were indicted on May 13, 1969 in the eastern district of Wisconsin for alleged violations of 18 U.S.C. §§ 2 and 912. The indictment charges that while impersonating agents of the Federal Bureau of Investigation, the defendants fraudulently demanded and obtained the sum of $12,600.

The matter now before the court is the defendant Kohn's motion, filed on November 10, 1969, to dismiss with jeopardy for having been denied a speedy trial.

On June 19, 1969, Mr. Kohn filed a previous motion in this district for a speedy trial; in that motion, he requested that this court enter an order bringing him from Colorado to Wisconsin for arraignment and a speedy trial. In the alternative, he asked that this court dismiss the indictment for lack of prosecution. Neither the government nor the defendant Kohn at any time requested a hearing in this district on the June 19, 1969 motion.

A few days after submitting his June 19 motion, he brought a motion to suppress certain evidence. The United States attorney for the eastern district of Wisconsin requested that the federal court in Colorado permit the federal court in Wisconsin to resolve the motion to suppress. However, Mr. Kohn requested that a hearing be held in Colorado on this motion, and pursuant thereto, a hearing was held in Colorado in August, 1969. The court ruled orally on the motion, and a transcript and exhibits were sent to this court in September, 1969.

In Mr. Kohn's present motion to dismiss, filed November 10, 1969, he argues

that the delay in his trial entitles him to a dismissal. On November 18, 1969, this court established a schedule for the submission of briefs. Mr. Kohn was also informed that a trial date had been established, but that the date was contingent upon a resolution of his now pending motion. Subsequently, Mr. Kohn's attorney was notified that the trial date was set for January, 1970, but at his request, the court granted a postponement until February 23, 1970.

 Approximately nine months will have elapsed from the date of the indictment until the date set for the trial. In my opinion, this is not such a length of time, in the absence of special circumstances, as to deprive the defendant Kohn of his constitutional rights under the sixth amendment. From the time that Mr. Kohn filed his motion to suppress in Colorado and until the disposition of such motion in that court, it was inappropriate for this court to act. Surely the prosecution is not chargeable with the delay which attended such proceedings.

Mr. Kohn is presently incarcerated on charges unconnected with this case; he claims that he has lost privileges in the state prison because of a "hold order" arising from the present prosecution. I recognize that the existence of this federal indictment is burdensome to Mr. Kohn, but it does not follow that the delay in reaching trial, some of which is chargeable to the defendant Kohn, is a proper ground for dismissal. Cf. State ex rel. Fredenberg v. Byrne, 20 Wis.2d 504, 123 N.W.2d 305 (1963). Under all the circumstances of this case, I do not believe that the defendant has been deprived of his right to a speedy trial in the constitutional sense. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). Cf. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

The motion filed on June 19, 1969, requesting a speedy trial, has, in effect, been resolved by the court's having set the case for trial. No further ruling on said motion will be made.

Now, therefore, it is ordered that the motion of the defendant Kohn filed on November 10, 1969, to dismiss with jeopardy be and hereby is denied.