COMMONWEALTH vs. RUSSELL F. FLORENCE.

Middlesex.    January 8, 1979. — March 2, 1979.

Present: KEVILLE, ROSE, & ARMSTRONG, JJ.

*Practice, Criminal,* Defendant in custody of another jurisdiction, Detainer. *Comity. Interstate Agreement on Detainers.*

Inasmuch as a writ of habeas corpus ad prosequendum is not a detainer for purposes of the Interstate Agreement on Detainers, the provision for dismissal found in art. IV(e) of the agreement was not applicable to a defendant who was before the Superior Court on a second writ of habeas corpus ad prosequendum from Federal custody. [127-128]

Where no detainer has been filed, a writ of habeas corpus ad prosequendum does not constitute a "written request for temporary custody" within the meaning of art. IV of the Interstate Agreement on Detainers. [128-129]

INDICTMENTS found and returned in the Superior Court on January 14, 1976.

A motion to vacate sentences imposed after pleas of guilty was heard by *Linscott, J.*

*Michael W. Wiggins* for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.

KEVILLE, J. The defendant complains of the Superior Court's refusal to vacate the sentences imposed on him, after he had pled guilty to four separate indictments, on the ground that he was before the Superior Court on a writ of habeas corpus ad prosequendum from Federal custody for the *second* time when he entered those pleas. Since trial was not had upon those indictments before he was returned to Federal custody under the first writ of habeas corpus ad prosequendum, he argues they should be dismissed under art. IV(e) of the Interstate Agreement

on Detainers (agreement), to which both the Commonwealth, St. 1965, c. 892, § 1, reprinted in Mass. Gen. Laws Ann., c. 276 app. at 261 et seq. (West 1972), and the United States, Pub. L. No. 91-538, 84 Stat. 1397 (1970), are parties.

1. The defendant's major contention that a writ of habeas corpus ad prosequendum should be construed as a "detainer" for purposes of the agreement has already been decided adversely to him. *Commonwealth* v. *Fasano*, 6 Mass. App. Ct. 325, 328-331 (1978). See *United States* v. *Mauro*, 436 U.S. 340, 359-361 (1978). The defendant's attempt to distinguish *Mauro* on the ground of the fundamental difference between State and Federal habeas corpus ad prosequendum writs (the former being precatory in nature, the latter compulsory) fails under the holding of *Commonwealth* v. *Fasano, supra.* But it also falls of its own weight. The mere fact that the Federal government cannot be bound by the Commonwealth's writ of habeas corpus ad prosequendum (*Commonwealth* v. *Domanski*, 332 Mass. 66, 72 [1954]; *Ponzi* v. *Fessenden*, 258 U.S. 254, 261 [1922]) but is bound under the agreement to turn over persons in its custody to State authorities on proper presentment (see *United States* v. *Mauro, supra* at 354) does not imply that custody must have been obtained pursuant to the agreement every time custody is obtained by State authorities from Federal authorities. See and compare *Commonwealth* v. *McGrath*, 348 Mass. 748, 752-753 (1965); contrast *Gray* v. *Benson*, 443 F. Supp. 1284, 1288 (D. Kan. 1978).

There is nothing in the agreement which suggests that the Federal policy of recognizing State habeas corpus ad prosequendum writs as a matter of comity (*Ponzi* v. *Fessenden, supra* at 261-262, 266; *Commonwealth* v. *McGrath, supra* at 750 & n.2) has been altered. See *Commonwealth* v. *Fasano, supra* at 331. The Federal authorities may continue to honor or refuse such writs as before. If a writ is refused, then the Commonwealth may lodge a formal detainer and proceed under the agreement. If, on the

other hand, the Federal government waives "its right to the exclusive jurisdiction of such a prisoner and consent [s] to his being tried in a State court . . . the prisoner has no standing to complain." *Commonwealth* v. *Domanski, supra* at 73.

2. Since a writ of habeas corpus ad prosequendum is not a "detainer" and no formal detainer was filed against the defendant, on the facts of this case the writ of habeas corpus ad prosequendum was not a "written request for temporary custody" within the meaning of art. IV of the agreement. ("The appropriate officer of the jurisdiction in which an untried indictment . . . is pending, shall be entitled to have a prisoner *against whom he has lodged a detainer* . . . made available . . . upon presentation of a written request for temporary custody" [emphasis supplied].) Art. IV(a).

The agreement is an interstate compact approved by Congress (Pub. L. No. 73-293, 48 Stat. 909 [1934], 4 U.S.C. § 112(a) [1976]; see [1970] U.S. Code Cong. & Ad. News 4866), as required by art. I, § 10, par. 3, of the United States Constitution. The United States Supreme Court is the final interpreter of such a compact. *West Va. ex rel. Dyer* v. *Sims,* 341 U.S. 22, 28 (1951). *Petty* v. *Tennessee Mo. Bridge Commn.,* 359 U.S. 275, 278 & n.4 (1959). Thus it would appear that the holding of the Supreme Court in *Mauro* that a filing of a writ of habeas corpus ad prosequendum may be considered a written request for temporary custody where a detainer has first been lodged would be binding on State courts. *United States* v. *Mauro,* 436 U.S. at 361-364. However, as the *Mauro* case involved a Federal, not a State writ, it is not clear whether this holding applies to the States as parties to the interstate compact or whether it is merely binding on the Federal government itself as a party. Since no detainer was lodged in the present case, we need not, in any event, decide that question.[1] Compare *Maryland* v. *Boone,* 40

[1] Likewise we need not decide what effect, if any, *Mauro* had on our own implicit holding that a writ of habeas corpus ad prosequendum

Md. App. 41, 46 (1978); cf., *United States Steel Corp.* v. *Multistate Tax Commn.*, 434 U.S. 452, 469-472 (1978). As the writ of habeas corpus ad prosequendum did not invoke the agreement,[2] its provision for dismissal found in art IV(e) is not applicable and the court was not in error in denying the defendant's motions to vacate his sentences.

*Exceptions overruled.*

---

is not "a request for temporary custody of the prisoner within the contemplation of art. IV(a) [of the agreement]." *Commonwealth* v. *Fasano, supra* at 329.

[2] Accordingly we need not decide whether the defendant's pleas of guilty may be deemed a waiver of his rights under the agreement. See generally *Gray* v. *Benson,* 443 F. Supp. at 1293-1295; compare *United States* v. *Mauro,* 436 U.S. at 364-365.