PEOPLE v GAVAL

Docket No. 78-3077. Submitted June 21, 1979, at Lansing.—Decided April 21, 1980.

David W. Gaval was charged with carrying a concealed weapon and with possession of burglar's tools. Because defendant was serving a prison sentence at the Federal correctional facility at Milan, Michigan as a result of his conviction for a Federal charge, the Oakland Circuit Court, Francis X. O'Brien, J., issued a "writ of habeas corpus to bring up the prisoner for preliminary examination". Defendant was brought before a Michigan municipal court for a preliminary examination and, thereafter, was bound over to circuit court for trial. In circuit court defendant moved to dismiss the charges. The Oakland Circuit Court, Robert B. Webster, J., denied the motion to dismiss. Defendant was convicted of possession of burglar's tools. Defendant appeals, claiming that the Michigan courts could not acquire jurisdiction over him by means of a writ of habeas corpus ad prosequendum directed to a Federal correctional facility located in the State of Michigan, but rather, jurisdiction over him could only be properly acquired pursuant to the Interstate Agreement on Detainers. *Held:*

There is no question that a writ of habeas corpus ad prosequendum issued by a Michigan court has no binding extraterritorial effect. It is not necessary, however, to address the question of whether a Federal facility located in the State of Michigan is extraterritorial for the purpose of such a writ, since, as a matter of Federal policy, such writs are recognized as a matter of comity. The Interstate Agreement on Detainers is not the exclusive means by which to effect a transfer of a prisoner from a Federal facility into state custody. Under these circumstances, where the purposes of the Interstate Agreement on Detainers were not thwarted, jurisdiction over the defendant's person was properly obtained by means of the writ of habeas corpus ad prosequendum and the Interstate Agreement on Detainers is not applicable.

Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1,2] 39 Am Jur 2d, Habeas Corpus § 2.

1. HABEAS CORPUS — HABEAS CORPUS AD PROSEQUENDUM — COURTS — GEOGRAPHICAL LIMITS OF WRIT.

A writ of habeas corpus ad prosequendum issued by a Michigan court has no binding extraterritorial effect.

2. HABEAS CORPUS — HABEAS CORPUS AD PROSEQUENDUM — FEDERAL PENAL FACILITY — JURISDICTION — COMITY — STATUTES.

Jurisdiction over the person of a defendant who is a prisoner in a Federal facility located in this state may be obtained by means of a writ of habeas corpus ad prosequendum where, in accordance with Federal policy, the Federal authorities recognize the writ as a matter of comity, since the Interstate Agreement on Detainers is not the exclusive means by which to effect a transfer of a prisoner from a Federal facility into state custody (MCL 780.601 *et seq.;* MSA 4.147[1] *et seq.).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Larry J. Bunting,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* for defendant.

Before: CYNAR, P.J., and MACKENZIE and L. W. CORKIN,* JJ.

CYNAR, P.J. On March 28, 1978, defendant was convicted of possession of burglar's tools, MCL 750.116; MSA 28.311. He was subsequently sentenced to six years eight months to ten years imprisonment, and now appeals as of right.

I

Defendant was one of four occupants of a Cadillac limousine stopped by police on the evening of August 27, 1977. The vehicle had been under surveillance by a number of law enforcement agencies for several hours, during which time

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

officers observed unorthodox and suspicious move-
ments and activities by the occupants. Items of
interest retrieved from the Cadillac immediately
following the stop and after the arrest of the
occupants included pairs of leather gloves, dark
blue nylon windbreaker jackets, ski masks, a large
hammer with a short handle, and a .38-caliber
revolver with the serial numbers drilled out.

## II

Defendant first contends that the trial court
never acquired jurisdiction over his person. This
argument stems from the fact that defendant was
brought from Federal custody in the Milan, Michi-
gan penitentiary into state custody by means of a
"writ of habeas corpus to bring up the prisoner for
preliminary examination".[1] Defendant argues that
there is no specific constitutional or statutory
authorization granting the circuit courts of this
state the power to issue such a writ or the allied
writ of habeas corpus ad prosequendum. We dis-
agree.

Const 1963, art 6, § 13, provides as follows:

"The circuit court shall have original jurisdiction in
all matters not prohibited by law; appellate jurisdiction
from all inferior courts and tribunals except as other-
wise provided by law; power to issue, hear and deter-
mine prerogative and remedial writs; supervisory and
general control over inferior courts and tribunals
within their respective jurisdictions in accordance with
rules of the supreme court; and jurisdiction of other
cases and matters as provided by rules of the supreme
court."

---

[1] Irrespective of the label affixed to the writ issued in this case,
subsequent events rendered it the functional equivalent of a writ of
habeas corpus ad prosequendum, and we choose to treat it as such for
purposes of analysis.

Prerogative writs have been defined to include writs of habeas corpus. Black's Law Dictionary 1345, 1784 (4th ed, 1968). We therefore conclude that the circuit court was possessed with authority to issue the writ contested by defendant. Accord, *People v McLemore,* 95 Mich App 536; 209 NW2d 109 (1980).

Defendant further argues with respect to this issue that the writ of habeas corpus ad prosequendum must be treated as a detainer lodged against defendant pursuant to the Interstate Agreement on Detainers (IAD), MCL 780.601 *et seq.;* MSA 4.147(1) *et seq.* Defendant claims that the IAD is the exclusive means by which a state may obtain the transfer for prosecution of a prisoner from another state. Necessarily, if jurisdiction over defendant's person was acquired, it was through the IAD. We reject this contention.

We concede that a writ of habeas corpus ad prosequendum issued by a Michigan court has no binding extraterritorial effect. *People v McLemore, supra,* 550-551. *Cf.,* GCR 1963, 713.1(2)(a) relative to a writ of habeas corpus ad testificandum. We also note that the Court in *McLemore* concluded that a Federal penitentiary within this state is within the jurisdiction of the court issuing the writ. *McLemore, supra,* 549-551. We find it unnecessary to address the question of whether a Federal facility should be treated thusly under either the IAD or the writ in dispute. Even assuming that it should not be and that the writ which issued here was only precatory and not compulsory in nature, *Commonwealth v Florence,* 387 NE2d 152, 153 (Mass App, 1979), it is nonetheless clear that Federal policy is to recognize such writs as a matter of comity. *Ponzi v Fessenden,* 258 US 254, 261-262, 266; 42 S Ct 309; 66 L Ed 607 (1922), 18 USC 4085(a), *Com-*

monwealth v Florence, supra, 153. Federal author-
ities have previously honored or refused such writs
and may continue to honor or refuse such writs in
the future. *Id.,* 153. Therefore, we hold that a
detainer lodged pursuant to the IAD is not the
exclusive means by which to effect a transfer of a
prisoner from a Federal facility into state custody.
*Commonwealth v Fasano,* 375 NE2d 361, 364
(Mass App, 1978). *Contra, People v McLemore,
supra,* 553, *People v Beamon,* 83 Mich App 121, 133-
134; 268 NW2d 310 (1978), *lv den* 403 Mich 850
(1978).

We are of course mindful of the abuses the IAD
was intended to overcome, most notably the avoid-
ance of disruption in rehabilitation programs in
which a prisoner is participating in a Federal
facility. *McLemore, supra,* 544-545, 552. However,
in the instant case defendant was not subjected to
any unreasonable delay in being brought to trial,
such that his program of rehabilitation was un-
duly interrupted.[2] Thus, the purposes for which
the IAD was enacted were not thwarted here.

We conclude that jurisdiction over defendant's
person was obtained by means of the writ of
habeas corpus issued here. Accordingly, the IAD is
not applicable to the case before us.[3]

## III

We find the initial stop of the vehicle in which

[2] From the time defendant was brought into state custody until
trial commenced, 136 days elapsed.

[3] Though we need not address defendant's claim that his right to a
speedy trial under Art IV(c) of IAD was violated because we find the
IAD inapplicable, we take note of the fact that a defendant in the
position of the defendant here, *i.e.,* incarcerated in a state facility
pending trial, still may raise a constitutional claim of a denial of a
right to a speedy trial, as well as a claim under the 180-day rule,
MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.,* should the facts of the
case warrant such claims.

defendant was a passenger to be permissible under *People v Whalen,* 390 Mich 672, 680-682; 213 NW2d 116 (1973).

## IV

As to certain items found in the car in which defendant was riding and introduced into evidence at trial, we find that they were clearly within "plain view" when seized, and properly admissible under the rule in *People v Whalen, supra,* 682-683.

With regard to the gun found in the crease of the rear seat of the car, it was properly admitted into evidence under the rationale found in *People v Robertson,* 81 Mich App 446, 449-450; 265 NW2d 365 (1978), *People v Damaska,* 404 Mich 391, 393-394; 273 NW2d 58 (1978).

## V

We conclude that none of the errors assigned by defendant requires reversal of his conviction and affirm the same.

Affirmed.