PEOPLE v HOWELL

Docket No. 56682. Decided July 23, 1975.

Application by the people for leave to appeal from a decision of
the Court of Appeals, Bronson, P. J., and McGregor and Car-
land, JJ., reversing the conviction of Willie A. Howell and
ordering him discharged (Docket No. 19277). Leave granted,
reversed, and conviction reinstated.

58 Mich App 152; 227 NW2d 266 (1975) reversed.

1. SEARCHES AND SEIZURES—WITHOUT WARRANT—PROBABLE CAUSE—
PLAIN VIEW—FURTIVE BEHAVIOR.

Police officers had probable cause to search an automobile, in
which the defendant was a passenger, which they had stopped
for a traffic violation, where (1) one of the officers who had
stopped the car observed a small bag bulging with a variety
and quantity of jewelry, in plain view, more akin to the results
of a theft than to property likely to be the personal belongings
of an occupant of the automobile; (2) the bag was not of the
kind that a jewelry salesman would normally use; (3) the
officer, upon returning to his own vehicle, observed one man in
the stopped vehicle hand something from the front seat to the
back where another man leaned down; and (4) when the officer
re-approached the stopped vehicle and asked what had hap-
pened to the bag, the response was "What bag?".

2. SEARCHES AND SEIZURES—PROBABLE CAUSE—FURTIVE BEHAVIOR.

Furtive behavior by itself does not justify a search, but it may be
considered as a factor and, in combination with other factors,
may help to establish probable cause.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Evidence §§ 26, 28.
  68 Am Jur 2d, Search and Seizure §§ 40–45.

*Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant.

MEMORANDUM OPINION. Willie A. Howell was found guilty by a jury of receiving and concealing stolen property over the value of $100, MCLA 750.535; MSA 28.803. The Court of Appeals reversed that conviction. 58 Mich App 152; 227 NW2d 266 (1975). The prosecution sought leave to appeal in this Court. We grant leave and under GCR 1963, 865.1(7), reverse the Court of Appeals and reinstate the conviction of Howell.

The salient issue concerns a search and seizure, in Detroit, of jewelry stolen four days before in a Grand Rapids burglary.

Defendant was a passenger in an automobile stopped for a traffic violation. One police officer at the scene of the arrest said he observed, in plain sight, a small pouch-type bag in the car which he could see contained chains, watches and rings. After this initial observation, upon which the officer predicated no action, the officer returned to his own vehicle and, looking back to the stopped vehicle, observed one man in the stopped vehicle hand something from the front seat to the back where another man leaned down. The officer re-approached the automobile and asked what had happened to the bag. The response was, "What bag?" The bag was found hidden in a stepwell.

The officers then proceeded to make arrests and make further checks as to the true ownership of the jewelry.

On these facts, this Court is of the opinion that the officers had probable cause to proceed as they did. The following facts were in evidence: (1) The

bag was bulging and the jewelry was in plain view. An officer saw a variety and quantity of jewelry more akin to the results of a theft than to property likely to be the personal belongings of an occupant of the automobile; (2) the bag was not the kind that a jewelry salesman would normally use; (3) the furtive behavior observed by the police officers; (4) the response, "What bag?" While furtive behavior by itself does not justify a search, furtive behavior may be considered as a factor, and, as in this case, in combination with other factors, may help establish probable cause.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.