PEOPLE v OLSON

Docket No. 78-3609. Submitted December 13, 1979, at Lansing.—
Decided June 16, 1980. Leave to appeal applied for.

Edward G. Olson, Jr. was convicted of receiving and concealing
stolen property over $100, Monroe Circuit Court, William J.
Weipert, Jr., J. He was sentenced to three years probation and
ordered to serve 120 days in the county jail. The defendant
appeals, contending 1) the lower court erred in refusing to
suppress certain evidence found by police after an illegal stop
of his automobile and 2) the lower court erred when it placed
him on probation and then ordered that he serve 120 days in
the county jail should he violate a term of his probation. *Held:*

1. Police officers observed unusual activity near Mr. Olson's
automobile providing a reasonable basis for their subsequent
stop of the vehicle. Thus, since the investigatory stop was not
improper, the lower court did not err when it denied defen-
dant's motion to suppress evidence found in the plain view of
the police.

2. The defendant was placed on probation and ordered to
serve 120 days in the county jail as a term of his probation, not
as a penalty to be imposed only if he violated a term of his
probation. As such, the sentence does not violate the law.

Affirmed.

1. SEARCHES AND SEIZURES — INVESTIGATORY STOPS — REASONABLE-
NESS TEST — CRIMINAL LAW — POLICE OFFICERS.

Police officers need only have a reasonable suspicion of criminal
activity, and not probable cause, to justify investigatory stops.

2. SEARCHES AND SEIZURES — INVESTIGATORY STOPS — VALIDITY —
RULES — MOTOR VEHICLES — REASONABLENESS TEST — POLICE
OFFICERS.

The rules to be applied in determining the validity of investiga-

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 68 Am Jur 2d, Search and Seizure § 102.5.
"Furtive" movement or gesture as justifying police search. 45
ALR3d 581.

[5] 68 Am Jur 2d, Searches and Seizures § 88.
Search and seizure: observation of objects in "plain view"—Su-
preme Court cases. 29 L Ed 2d 1067.

[6-8] 21 Am Jur 2d, Criminal Law §§ 565, 567.

tory stops of automobiles by the police are (1) both the stop and the search of a moving motor vehicle must be reasonable, (2) reasonableness will be determined from the facts and circumstances of each case, (3) where moving vehicles are involved, fewer foundation facts are necessary to support a finding of reasonableness than where a house or home is involved, and (4) fewer facts are necessary to support a finding of reasonableness where a stop of a motor vehicle for investigatory purposes is involved than where both a stop and a search is conducted.

3. SEARCHES AND SEIZURES — INVESTIGATORY STOPS — REASONABLE-NESS TEST — SURROUNDING CIRCUMSTANCES — CRIMINAL LAW — POLICE OFFICERS.

Unusual activity observed by police during early morning hours provided a reasonable basis for an investigatory stop, even though there was insufficient evidence to believe a crime had been committed.

4. SEARCHES AND SEIZURES — INVESTIGATORY STOPS — REASONABLE-NESS TEST — INSUFFICIENT BASIS — CRIMINAL LAW — POLICE OFFICERS.

A random stop of a vehicle without any reason other than general investigatory purposes does not provide a reasonable basis for the stop.

5. EVIDENCE — CRIMINAL LAW — SUPPRESSION — PLAIN VIEW — SEARCHES AND SEIZURES — INVESTIGATORY STOPS — POLICE OFFICERS.

Evidence found by police officers in their plain view during a proper investigatory stop is admissible.

6. CRIMINAL LAW — SENTENCING — PROBATION — COURTS — PEN-ALTY — ERROR.

A sentence of probation which includes a specific term of imprisonment to be imposed prospectively as a penalty for violation of a term of the probation is an improper sentence.

7. CRIMINAL LAW — SENTENCING — PROBATION — IMPRISONMENT — STATUTES.

A sentence of less than six months, which includes an order of a definite jail term to be served at some stated point within a probation period imposed at the time of the initial probation order and which is not contingent on the violation of a term of the probation, is itself a term of the probation (MCL 771.3, 771.4; MSA 28.1133, 28.1134).

8. Criminal Law — Additional Sentencing — Probation Viola-
    tion — Judges — Statutes.

    The sentencing judge may impose an appropriate sentence of
    imprisonment if any term of the probation is violated during a
    probationary period (MCL 771.4; MSA 28.1134).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *William P. Godfroy,* Assistant Prosecuting Attorney, for the people.

*Rolf E. Berg,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. Burns, P.J. and J. H. Gillis and Bashara, JJ.

T. M. Burns, P.J. Defendant appeals of right his April 19, 1978, bench trial conviction of receiving and concealing stolen property over $100. MCL 750.535; MSA 28.803. On July 7, 1978, he was sentenced to three years probation and ordered to serve 120 days in the county jail. We affirm.

Defendant contends that the lower court erred in refusing to suppress certain evidence that was found by the police after what defendant terms was an illegal stop of his automobile. It appears that on June 10, 1977, at approximately 2:30 a.m., police officers on routine patrol observed a vehicle with its lights on parked at the end of a dead end street. One of the police officers testified at trial that near the automobile they saw someone "throwing things about". The police officers turned their vehicle onto the dead end street and were approaching defendant's car when defendant reentered his car and began to leave. He stopped, however, when the police officers turned a spot light on his car. Upon exiting from their automobile and approaching defendant, the police officers

noticed, in the back seat of defendant's car, citizen's band radio equipment, a stereo tape deck and speakers, a camera, and business cards that read "Monroe Evening News, Robert Vergiels". Defendant and a companion were arrested after the police officers radioed their dispatcher, who telephoned Mr. Vergiels, who indicated that the items seen by the police had been stolen from his car. Defendant's pretrial motion to suppress this evidence was denied.

In *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), the United States Supreme Court considered the nature of investigatory stops by the police and enunciated guidelines therefor. The Court held that police officers need only have a reasonable suspicion that criminal activity may be afoot, and not probable cause, in order to justify investigatory stops.

Subsequently, in *People v Whalen,* 390 Mich 672, 682; 213 NW2d 116 (1973), the Michigan Supreme Court adopted several rules for determining the validity of investigatory stops of automobiles by the police:

"1. Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.

"2. Said reasonableness will be determined from the facts and circumstances of each case.

"3. Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved.

"4. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police."

The unusual activity observed by the police

officers in this case during early morning hours provided a reasonable basis for their subsequent stop of defendant's vehicle, even though the officers did not have sufficient evidence to believe that a crime had been committed. This case does not involve the random stop of a vehicle without any reason other than general investigatory purposes. The police officers observed someone near defendant's automobile who was engaged in conduct that was curious enough to warrant further investigation. Therefore, because we hold that the investigatory stop of defendant's automobile was not improper, the lower court did not err when it denied defendant's motion to suppress evidence that the police officers found in their plain view.

Defendant also argues that the lower court erred when it placed him on probation and then ordered that he serve 120 days in the county jail, should he violate a term of his probation. Were we convinced that the lower court did this, we would hold that error occurred. However, we find that defendant has misinterpreted the sentence imposed upon him by the sentencing judge. In effect, defendant was placed on probation and ordered to serve 120 days in the county jail as a term of his probation. The sentencing judge indicated that if defendant served the term of his probation without violating its conditions, the jail sentence might be waived. This jail term was not, as defendant characterizes it, a penalty to be imposed upon him only if he violated a term of his probation.

In pertinent part, MCL 771.3; MSA 28.1133, provides:

"As a condition of probation, the court may require the probationer to be imprisoned in the county jail or the house of correction for not more than six months, at such time or intervals, which may be consecutive or

nonconsecutive within the probation period as the court may determine * * * however, the period of confinement shall not exceed the maximum period of imprisonment provided for the offense charged if this maximum period is less than six months."

The prosecution argues that this statute authorizes the sentence imposed upon defendant. We agree and find that the prosecutor's argument is supported by MCL 771.4; MSA 28.1134, which provides, in part:

"In case such a probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made."

Defendant's argument that these statutes, when read together, do not contemplate the sentencing of a defendant to a jail term at the time of the initial probation order, other than to a definite term to be served at some stated point within the probationary period, is correct. By sentencing a defendant prospectively for a probation violation, before any such probation violation has occurred, a sentencing judge would negate any opportunity he may have to consider the nature of the probation violation and any mitigating circumstances that may tend to lessen the defendant's sentence. Of course, if during a probationary period a defendant violates any term of his probation, then the sentencing judge may sentence that defendant to any term of imprisonment that would be appropriate.

In this case, however, defendant's sentence does not violate the intent of the Legislature as evidenced in these statutes. The four month sentence that defendant must serve is not contingent on his

violating a term of his probation; rather, the sentence itself is a term of his probation. As such, it does not violate the law.

Affirmed.