Per Curiam:.
Defendant was charged with receiving and concealing stolen property valued over $100, MCL 750.535; MSA 28.803. He pled guilty to attempt, MCL 750.92; MSA 28.287, and was sentenced to five years probation.
Initially, defendant alleges that there was insufficient evidence presented at the preliminary examination to justify the bind over. We disagree. *752 The testimony at the examination establishes probable cause to believe that defendant knowingly purchased a stolen stereophonic receiver. Testimony of the police officer and the owner of the stolen receiver establishes that the property defendant gave to the police had been stolen from the owner’s store. We find no abuse of discretion in the decision to bind over the defendant for trial. People v Tait, 99 Mich App 19, 23; 297 NW2d 853 (1980).
Defendant also challenges the sentence. The order of probation reads, in part, as follows:
"DURING THE PERIOD OF PROBATION, DEFENDANT, HEREINAFTER DESIGNATED AS 'PROBATIONER’, SHALL OBEY THE FOLLOWING RULES AND COMPLY WITH THE FOLLOWING CONDITIONS:
"This constitutes authorization and direction to the Sheriff of Monroe County to receive and imprison Probationer in accordance with the following: under the authority granted by Public Acts 1957 No. 72 (25 MSA 28.1133), with amendments if any, the said Probationer is forthwith committed to the common jail in and for Monroe County, Michigan, for a period of 180 days. Against this jail term the Probationer is given credit for 1 days [sic] already spent in jail. The balance of 179 days shall be served at such time or times as shall be directed by the Court or by the Probation Officer.”
Both parties cite People v Olson, 98 Mich App 207; 296 NW2d 218 (1980), in support of their respective positions. There, the defendant was ordered to serve 120 days in the county jail as a term of his probation. The judge told defendant at sentencing that the jail sentence might be waived if defendant did not violate any other conditions of probation.
*753 The Court held that the sentence was proper as a term of probation under MCL 771.3; MSA 28.1133. However, the Court stated that a defendant cannot be sentenced to a jail term at the time of the initial probation order as a contemplated sentence in the event of violation of probation. It stated:
"By sentencing a defendant prospectively for a probation violation, before any such probation violation has occurred, a sentencing judge would negate any opportunity he may have to consider the nature of the probation violation and any mitigating circumstances that may tend to lessen the defendant’s sentence. Of course, if during a probationary period a defendant violates any term of his probation, then the sentencing judge may sentence that defendant to any term of imprisonment that would be appropriate.” Id., 212.
Because the defendant’s jail term in Olson was a condition of probation rather than a sentence contingent on violation of probation, the Court held that the sentence was proper.
In the case at bar, the jail sentence was also a condition of probation. Thus, the holding of Olson does not require reversal.
However, we find a significant difference between the order in this case and that under scrutiny in Olson. As pointed out by defendant’s appellate counsel, the jail term in Olson was to be served "as directed by the Probation Department with the approval of the Court”. On the other hand, this order requires that the time be served "at such time or times as shall be directed by the Court or by the Probation Officer”. We hold that placing the decision to incarcerate defendant at the discretion of the probation officer, without *754 benefit of court order, is contrary to the statute which, in part, reads:
“As a condition of probation, the court may require the probationer to be imprisoned in the county jail * * * for not more than 6 months, at such time or intervals, which may be consecutive or nonconsecutive, within the probation period as the court may determine * * MCL 771.3(2); MSA 28.1133(2). (Emphasis added.)
Sentencing is a judicial function which cannot be abrogated by delegation. By allowing the probation officer to determine whether or not defendant will spend time in jail, the court delegated a judicial function contrary to the statute.
In both Olson and the instant matter, the probation form provided that the probationer is “forthwith committed”. The form order then provides that the remaining days of incarceration, after credit for time already spent in jail, shall be served "as directed”. While not previously raised, our review finds this to be an obvious conflict.
We conclude that when the probationary order is entered, the court must specify the specific time that the jail sentence shall be served. The court may order it served forthwith or at any time during the course of the probationary period. This allows the judge to have a greater degree of flexibility in meting out justice. The trial court can always set aside a condition of probation which imposes a jail sentence at its discretion.
The conviction is affirmed. The defendant’s sentence of probation is upheld, but that provision providing for the 179-day jail term is set aside and the case is remanded to the trial court to specify when the jail sentence, if any, shall be served.
We retain no further jurisdiction.