*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LISKO JONES,

        Defendant-Appellant.

UNPUBLISHED
March 28, 2019

No. 341719
Wayne Circuit Court
LC No. 17-004983-01-FH

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions of carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced to three years' probation for the CCW and felon-in-possession convictions, to run concurrent with a sentence of five years' imprisonment for the felony-firearm, conviction. We affirm.

## I. BACKGROUND

As testified to at trial, three Detroit police officers were on patrol around 10:30 p.m. when they observed a parked vehicle with two occupants inside. As the officers approached the vehicle in their squad car, they observed an open wine bottle in defendant's hand. Defendant appeared to be drinking from the wine bottle, as it was close to his face. After briefly conversing with defendant, the officers exited their squad car. As they approached, two of the officers observed defendant reaching toward the vehicle's backseat, leading them to believe that defendant was attempting to hide or conceal something. One officer specifically observed "something black" in defendant's hand that resembled a gun. At that point, the officer ordered defendant to keep his hands up, stop reaching towards the vehicle's backseat, set the wine bottle down, and exit the vehicle. Defendant complied and the officers escorted him to the front of the squad car. One of the officers then looked into the area where defendant had been reaching and found a black handgun. Defendant testified and denied any knowledge of the gun; he said that he was reaching for his wallet, which he kept under the vehicle's center console.

-1-

## II. UNSIGNED FELONY INFORMATION

Defendant first argues that the prosecution's failure to file a signed felony information requires this Court to vacate his convictions. He also argues that his counsel was ineffective for failing to object to the information. We disagree.[1]

By statute and court rule, the prosecution is required to file a signed information following an preliminary examination. MCL 767.40; MCL 767.42(1); MCR 6.112(B) and (D). In this case, while the prosecution did not separately file a signed information, a "bind-over certification packet" was filed following the preliminary examination which purportedly contained an information sheet signed by the prosecutor. The signed information does not appear in the record, but that does not mean that the prosecution did not file that document as required by law. Indeed, defendant does not address the assertion in the bind-over packet that a signed information was filed. However, even assuming that there was a defect in the information, it would not have deprived the circuit court of jurisdiction, as defendant asserts. Instead, a defect in the information simply presents a ministerial error that could be "easily corrected" by raising the issue before trial. *People v Thomas*, 1 Mich App 118, 128-129; 134 NW2d 352 (1965). Accord *People v Goecke*, 457 Mich 442, 458-459; 579 NW2d 868 (1998). Defendant failed to raise this issue before the trial court and he fails to demonstrate any prejudice from the alleged defect. See MCR 6.112(G). Thus, he is not entitled to reversal of his convictions. For the same reasons, defendant fails to establish that his counsel erred in not objecting to the information or that he suffered prejudice as a result. See *People v Grant*, 470 Mich 477, 485-486; 684 NW2d 686 (2004).

## III. WARRANTLESS SEARCH

Next, defendant argues that the handgun recovered from the vehicle was the result of a warrantless, unconstitutional search, and that evidence of the handgun should not have been admitted at his trial. He also contends that his counsel was ineffective for failing to file a motion to suppress on that basis. We disagree.

The United States and the Michigan Constitutions grant individuals the right to be secure against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. "Generally, a search conducted without a warrant is unreasonable unless there exist both probable cause and a circumstance establishing an exception to the warrant requirement."

---

[1] Defendant did not raise this issue below and therefore our review is for plain error affecting substantial rights. *People v Lechleitner*, 291 Mich App 56, 59; 804 NW2d 345 (2010). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Because the trial court did not conduct an evidentiary hearing on defendant's claims of ineffective assistance of counsel, our review is limited to mistakes apparent on the record. *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014).

*People v Mayes*, 202 Mich App 181, 184; 508 NW2d 161 (1993). "One of the well-established exceptions to the warrant requirement is known as the automobile or motor vehicle exception." *People v Kazmierczak*, 461 Mich 411, 418; 605 NW2d 667 (2000). "[T]he automobile exception is premised on an automobile's ready mobility and pervasive regulation, and if a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more." *Id*. at 418-419. "The determination whether probable cause exists to support a search, including a search of an automobile without a warrant, should be made in a commonsense manner in light of the totality of the circumstances." *People v Garvin*, 235 Mich App 90, 102; 597 NW2d 194 (1999).

Defendant does not dispute the officers' initial decision to detain him by ordering him out of the vehicle but rather challenges the subsequent search of the vehicle. We conclude that the totality of the circumstances provided the officers probable cause to conduct that search. As the officers approached the vehicle they observed defendant reach toward the backseat. One officer testified that defendant made a "drawing motion" from his hip toward the backseat. Based on the officer's experience, he believed that defendant was attempting to conceal a weapon or contraband. Another officer specifically observed that there was "something black" in defendant's hand resembling a handgun, which caused the officer to order defendant to cease his activity and exit the vehicle. Furtive behavior, by itself, does not establish probable cause. *People v Howell*, 394 Mich 445, 447; 231 NW2d 650 (1975). Here, however, the totality of the circumstances gave the officers probable cause to believe that defendant was concealing a firearm. Therefore, the admission of the firearm into evidence was not plainly erroneous, and defendant fails to establish that he was denied the effective assistance of counsel by defense counsel's decision to not move the trial court to suppress that evidence.

## IV. SUFFICIENCY OF THE EVIDENCE

Finally, defendant argues that the evidence at trial was insufficient to support his convictions because the prosecution failed to prove that he possessed the handgun recovered from the backseat of the vehicle. We disagree.[2]

The prosecution carried its burden of showing that defendant possessed the handgun.[3] Possession may be actual or constructive. *People v Flick*, 487 Mich 295, 303; 790 NW2d 295 (2010). Here, the prosecution provided sufficient evidence for the jury to conclude that defendant actually possessed the firearm. Again, one officer testified that he observed what

---

[2] We review de novo challenges to the sufficiency of the evidence. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). We view the evidence "in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Id*.

[3] Felony-firearm and felon-in-possession require a showing that the defendant possessed firearm. *People v Bass*, 317 Mich App 241, 267-269; 893 NW2d 140 (2016). The "carrying" element of CCW has been equated to possession. *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982).

appeared to be a black handgun in defendant's hand as he reached toward the backseat. The officer then searched the area where defendant was reaching and found a black handgun. The jury could infer from this circumstantial evidence that defendant actually, i.e., physically, possessed the firearm. Alternatively, the evidence also supported a conclusion that defendant was in constructive possession of the weapon. A defendant has constructive possession of a firearm "if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Hill*, 433 Mich 464, 47-471; 446 NW2d 140. Given the officers' testimony, there was enough evidence from which the jury could infer that defendant knew that the gun was in the backseat. And the firearm was reasonably accessible to defendant given the testimony that he was reaching in that area.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly