*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KIVANTE IMARI CHANDLER,

Defendant-Appellant.

UNPUBLISHED
June 11, 2020

No. 347838
Kent Circuit Court
LC Nos. 18-006718-FH;
       18-006719-FH

Before: GADOLA, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Kivante Chandler, pleaded guilty to two counts of first-degree retail fraud, MCL 750.356c. For each conviction, the trial court sentenced Chandler, as a second-offense habitual offender, MCL 769.10, to 270 days in jail, with credit for 54 days served, followed by 36 months of probation, with the sentences to be served concurrently. As part of his probation, he was to be placed on a continuous alcohol monitoring system (SCRAM) or sober-link program requiring electronic alcohol monitoring, not to possess any alcohol, undergo substance abuse and mental health evaluations and complete any recommended treatment "as directed by the probation officer," and to pay $400 in court costs. Chandler appeals by delayed leave granted.[1] We affirm because there are no errors warranting reversal.

## I. BASIC FACTS

This case arises from the theft of approximately $800 worth of liquor from two separate retail store locations on two separate dates. As part of his guilty plea, Chandler admitted that he took "a few fifths of liquor and bread and sandwich meat, chips" from the stores, and he requested the trial court to authorize his entrance into the Sober Living Unit. Subsequently, at sentencing, Chandler's lawyer explained that Chandler's involvement in the retail frauds was because of his alcohol addiction, and he asked the court to include substance abuse treatment as part of any

---

[1] *People v Chandler*, unpublished order of the Court of Appeals, entered April 12, 2019 (Docket No. 347838).

probationary plan. As indicated above, Chandler's sentence included jail time, court costs, and probation. The terms of the probation included requirements tailored to Chandler's alcohol addiction, including alcohol-monitoring and substance-abuse treatment. This appeal follows.

## II. SENTENCING

### A. STANDARD OF REVIEW

Chandler argues that the trial court erred by imposing $400 in court costs because the imposition of costs amounts to an illegal tax. "Whether a charge is a permissible fee or an illegal tax is a question of law." *People v Cameron*, 319 Mich App 215, 220; 900 NW2d 658 (2017). "This Court reviews constitutional questions de novo." *Id*.

### B. ANALYSIS

MCL 769.1k authorizes trial courts to impose court costs on convicted defendants. In pertinent part, MCL 769.1k(1)(b)(*iii*) provides that a court may impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." In this case, the trial court ordered Chandler to pay $400 in court costs for each of his convictions. Chandler does not argue that the specific amount of the court costs imposed on him were in error or that the costs should be amended on appeal, but rather that the imposition of court costs in general is unconstitutional because it violates the Distinct Statement Clause and the doctrine of separation of powers. However, this Court addressed the constitutionality of MCL 769.1k in *Cameron* and held the opposite. *Cameron*, 319 Mich App at 236. Specifically, the *Cameron* Court concluded that the tax imposed by MCL 769.1k(b)(*iii*) did not violate the Distinct Statement clause and did not run afoul of the separation-of-powers provisions in Michigan constitution. *Id*. Accordingly, Chandler's claim is without merit.

## III. CONDITIONS OF PROBATION

Chandler next argues that the trial court erred by requiring alcohol treatment and the use of a SCRAM device as part of his probation conditions because there was not a rational relationship between the conditions and rehabilitation of his convictions. However, Chandler waived this issue. Waiver is defined as "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). "It differs from forfeiture, which has been explained as 'the failure to make the timely assertion of a right.'" *Id*. Because a waived error is extinguished, there is nothing for this Court to review. *Id*. at 216. In this case, Chandler requested substance-abuse treatment as part of his probation. Thus, rather than objecting to the imposition of the condition, he intentionally sought its imposition. Under these circumstances, any error related to the imposition of the substance-abuse-related probation conditions is waived, leaving nothing for this Court to review.

Next, in a one-sentence argument, Chandler asserts that the trial court abdicated its discretion to order the conditions of probation "by noting that the probation agent should determine whether [Chandler] would be subject to alcohol and substance abuse evaluation." "Sentencing is a judicial function which cannot be abrogated by delegation." *People v Barror*, 109 Mich App 750, 751; 311 NW2d 468 (1981). However, a close reading of the record reflects that the trial court ordered Chandler to undergo substance abuse and mental health evaluations and testing.

Referring to the outcome and potential recommendations of the evaluation and testing, the trial court ordered Chandler to participate in "treatment as directed by the probation officer." Consequently, the trial court did not abdicate its role, but directed the probation officer to follow-up and follow through with Chandler's testing outcomes by implementing any specific substance abuse treatment that Chandler requested and the trial court ordered. Consequently, it is clear that the trial court did not delegate its authority to the probation officer.

Finally, briefly and without analysis, Chandler asserts that MCL 769.1k(b)(*iii*) violates the Headlee Amendment. See Const 1963, art 9, § 31. However, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Accordingly, Chandler has waived review of this issue.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly